UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERY JANULEWICZ )           04 10566
      Petitioner )
                 )
      v.         )    PETITION FOR HABEAS CORPUS
                 )    RECEIPT # 59256
BRUCE CHADBOURNE )    AMOUNT $ 5
      Respondent )    SUMMONS ISSUED N/A
                      LOCAL RULE 4.1
         MAGISTRATE JUDGE Dein    WAIVER FORM
                                  MCF ISSUED
Now comes the Petitioner:        BY DPTY. CLK. E.O.M
                                 DATE 3/23/04

1.  Jery Janulewicz, a resident of Massachusetts, who is
    presently in the custody of the Immigration and Custom
    Enforcement, at the Suffolk County Correctional, Boston,
    Massachusetts.

2.  The Respondent, Bruce Chadbourne, is the District Director
    for the U.S. Immigration and Custom Enforcement agency,
    District of Boston.


                          JURISDICTION

3.  Jurisdiction is granted to this United States District Court
    pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241, a
    writ of habeas corpus can extend to a prisoner who is in
    custody "in violation of the Constitution or laws or
    treaties of the United States." 28 U.S.C. § 2241 (c)(3).
    Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999); See Mayer v.
    I.N.S., 175 F.3d 1289, (11th Cir.1999.)



                      SUMMARY OF THE ISSUE

4.  Whether the District Director can execute removal of an
    alien, when that individual has a motion to reopen, pending
    with the Board of Immigration Appeals.



                     HISTORY OF PROCEEDINGS

5.  The Petitioner is a native and citizen of Belarus, who was
    admitted to the United States on or about July 11, 1991, as

                               1

a nonimmigrant visitor. His status was adjusted to an F-1 to attend North Shore Community College, but he failed to attend. Additionally, Petitioner was employed in violation of his status. Consequently, he was placed in removal proceedings on August 13, 1997, for failing to maintain or comply with the conditions of his status pursuant to Section 237(a)(1)(C)(i) of the INA.

6. At his initial master hearing held before the Boston Immigration Judge (IJ), Petitioner admitted the allegations contained in the Notice to Appear, then sought asylum and voluntary departure in the alternative.

7. At the conclusion of his merits hearing held on December 10, 1998, the IJ denied his request for asylum, but granted 30 days voluntary departure. Respondent was never properly advised of all the consequences should he fail to depart the United States by or before the end of his voluntary departure period.

8. Petitioner, through newly retained counsel filed a timely notice of appeal with the Board of Immigration Appeals (BIA). However, counsel never raised on appeal the fact that the IJ never properly advised Petitioner, orally or written, of all the consequences should he fail to depart after a grant of voluntary departure, pursuant to Section 242B(e)(2).

9. On August 7, 2003, the BIA dismissed Petitioner's appeal, and reinstated the 30 days voluntary departure order. The BIA's decision was mailed to Petitioner counsel, with proper written warnings. However, Petitioner's counsel never informed him of those warnings.

10. In October 2003, Petitioner was placed in Immigration and Custom Enforcement's custody upon his outstanding order of removal, for failing to depart within 30 days of the BIA's decision.

11. On November 23, 2003, Petitioner's pending I-140 Labor Petition, filed pursuant to former 245(i) was approved by the Citizenship and Immigration Services. Consequently, Petitioner sought approval from the Department of Homeland Security (DHS) to join in his motion to reopen, to seek adjustment of status, as the beneficiary of an approved petition grandfather under Section 245(i) of the INA.

12. On December 23, 2003, DHS denied his request on the basis that he was barred from seeking adjustment of status pursuant to Section 240B(d) and <u>Matter of Shaar</u>, 21 I&N. Dec. 541 (BIA 1996), for failing to depart the United

2

States.

13. On March 3, 2004, through new counsel, Petitioner filed a motion to reopen with the BIA on the basis of exceptional circumstances and ineffective assistance of counsel under Matter of Lazada, 19 I&N Dec. 637 (BIA 1988), and requested an emergency stay. The motion is still pending, however, no stay has been issued.

14. This Petition for a Writ of Habeas Corpus and for a Stay Removal follows.

## ANALYSIS

15. The Petitioner Moves this Honorable Court to grant his request for habeas relief and stay his removal, pending the outcome of his motion to reopen, filed with the Board of Immigration Appeals.

16. Petitioner meets the four part test set forth in Arevalo v. Ashcroft, for a judicial stay of removal. Arevalo v. Ashcroft, 344 F.3d 1,7 (1st Cir. 2003). There, this Court stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not dis-serve the public interest."

17. Petitioner is likely to succeed on the merits of his appeal where he was not properly advise orally or written, of all the Immigration consequences that would result should he fail to depart the United States by the date specified. Specifically, Petitioner was not advised that he would be barred from seeking adjustment of status for failing to comply with the voluntary order.

18. Petitioner will suffer irreparable harm where is motion will be deemed abandoned the minute removal is executed, before the merits of his claim is adjudicated. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion. See 8 C.F.R. § 3.23 (b)(1).

19. Additionally, Petitioner has been prejudice where he is now barred under section 240B(d) of the INA, from seeking adjustment of status, even though he is the beneficiary of an approved 245(i) petition.

20. A balancing of the hardships in this case favors the Petitioner. Petitioner has no criminal convictions and has not been a burden to society. If his stay of removal is granted, Petitioner presents no potential harm to society or the government.

21. The stay of removal would not disserve the public interest. It is the public's interest to see justice done, especially where someone's statutory and constitutional due process right are concerned. Since Petitioner removal, prior to adjudication of his pending motion to reopen would violate the fundamental principles on which this County was founded, the stay should be granted to allow him the opportunity to have his claim adjudicated, where he was never afforded the opportunity to previously do so.

22. Based upon the above stated facts, the Petitioner prays that this Court will grant his request for habeas relief, and stay his removal, pending adjudication of his motion to reopen.

Respectfully submitted,

*Stephen A. Lagana*
STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/ 794-2331
BBO#: 565811

### CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for Petitioner, hereby certify that on this date, I have mail a copy of the above-enclosed Petition, upon Special Assistant U.S. Attorney, Frank Crowley, at the Office of the U.S. Attorney, Department of Homeland Security, P.O. Box 8728, Boston, MA 02114, and Bruce Chadbourne, Department of Immigration and Custom Enforcement, JFK Federal Building, Room 1725, 15 New Sudbury Street, Boston, Massachusetts 02203.

*Stephen A. Lagana*                      3-22-04
Stephen A. Lagana, Esq.                  Date

4

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

| | |
|---|---|
| In the matter of: ) | |
| ) | |
| Jerzy JANULEWICZ ) | File#: A76-490-739 |
| ) | |
| Respondent ) | |
| ) | |

### RESPONDENT'S MOTION TO REOPEN REMOVAL PROCEEDINGS ON THE BASIS OF (1) EXCEPTIONAL CIRCUMSTANCES, AND (2) INEFFECTIVE ASSISTANCE OF COUNSEL

Now comes the Respondent, through Counsel, and Moves this Board of Immigration Appeals, to Reopen these proceedings and Rescind the Order of Removal of September 29, 2003, on the basis of exceptional circumstances, and ineffective assistance of counsel. Specifically, Respondent seeks to have these proceedings reopen pursuant to Matter of Shaar, 21 I. & N. Dec. 541, (BIA 1996), on the basis that the Immigration Judge failed to advised him of all the enumerated consequences, should he not leave at the end of his voluntary departure period. Additionally, Respondent seeks to reopen these proceedings on the basis of ineffective assistance of counsel, because counsel failed to raise this issue on appeal. Respondent is now the beneficiary of an approved labor certification application, and moves to seek adjustment of status.

In support of this request, Counsel has attached the following Memorandum of Law, with supporting documents.

Respectfully Submitted,

*[signature]*
Stephen A. Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978 794-2331
BBO # 565811



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Lagana, Stephen A.
145 Essex Street,
Lawrence, MA 01841-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: JANULEWICZ, JERZY

A76-490-739

Type of Proceeding: Removal

Date of this notice: 03/03/2004

Type of Motion:

Filed by: Alien

### FILING RECEIPT FOR MOTION TO REOPEN OR MOTION TO RECONSIDER

The Board of Immigration Appeals acknowledges receipt of your motion and fee or fee waiver request (where applicable) on March 01, 2004 in the above-referenced case.

### PLEASE NOTE

Filing a motion to reopen or a motion to reconsider with the Board of Immigration Appeals   DOES NOT automatically stop the Department of Homeland Security from executing      an order of removal or deportation.  If you are in DHS detention and are about to be deported, you may request the Board to stay your deportation on an emergency basis by calling (703) 305-0699, Monday through Friday, 9:00 a.m. to 5:30 p.m. (Eastern Time).

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for each family member who is included in this motion.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL