UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERY JANULEWICZ,
        Petitioner,

v.

BRUCE CHADBOURNE,
        Respondent.

CIVIL ACTION

NO.  04-10566-NG

O R D E R

GERTNER, D. J.

      On March 23, 2004, counsel for petitioner Jery Janulewicz, an immigration detainee and native of Belarus who is currently being at the Suffolk County House of Correction, filed a petition for a writ of habeas corpus under Section 2241.  Petition ¶ 1. Janulewicz alleges that he entered the United States as a non-immigrant visitor and was ordered removed in December 1998 for failing to comply with the terms of his non-immigrant visitor status, but was granted voluntary departure.  Id. at ¶¶ 5-7.

      Janulewicz claims that (1) the immigration judge never informed him of the consequences of failing to voluntarily depart; (2) on appeal to the Board of Immigration Appeals ("BIA"), his then-legal counsel did not raise this alleged omission by the Immigration Judge; (3) although the August 7, 2003 BIA decision dismissing his appeal and reinstating voluntary departure warned of the consequences of failing to depart, then-counsel never communicated those warnings to him; (4) his labor petition was approved after he was taken into custody by the Bureau of Immigration and Customs Enforcement, but he was denied an adjustment of status based on his failure to voluntarily depart; and (5) he has retained new counsel who has filed a motion to re-open with the BIA based on ineffective assistance of counsel.  Id. at ¶¶ 7-12.  Janulewicz also claims that new counsel has filed a pending motion for an emergency stay, and seeks a writ of habeas corpus and a stay of removal.[1]

---

[1] For purposes of this Order, the Court will overlook the fact that counsel did not frame his request for a stay of removal in a separate motion and that the petition was not signed under pains and penalties of perjury.  See 28 U.S.C. § 2242 (application for a writ

ACCORDINGLY,

(1) The Clerk shall correct the case caption to reflect that the only respondent to this action is Andrea Cabral, the Sheriff of Suffolk County.  A writ of habeas corpus must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Petitioner's legal custodian is the sheriff of Suffolk County, the individual having day-to-day control over the facility in which petitioner is being detained.  Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001); see Mass. Gen. Laws ch. 126 § 16 (sheriff shall have custody and control of the jails in his county.. . .and shall be responsible for them);

(2) The Clerk of this Court shall serve a copy of the Petition, by certified mail, upon the Respondent:  (i) Andrea Cabral, Sheriff, Suffolk County House of Correction, 20 Bradston Street, Boston, MA  02118; AND (ii) the United States Attorney; AND (iii) Frank Crowley, Department of Homeland Security, Special Assistant United States Attorney, P.O. Box 8728, JFK Station, Boston, MA  02114 AND

(3) The Respondent shall file an answer or other responsive pleading on or before Monday, March 29, 2004; AND

(4) A hearing on petitioner's application for a stay is scheduled for March 29, 2004, at 10:00 a.m.;

(5) The Respondent shall provide the Court with at least 48 hours advance notice of any scheduled deportation or removal of petitioner.

SO ORDERED.

| | |
|---|---|
| _3/24/04_ <br> Date | s/ Nancy Gertner <br> United States District Judge |

---

of habeas corpus shall be signed and verified by the person for whose relief it is intended or by someone acting in his behalf); Rule 1(b) of Rules Governing Section 2254 Cases (§ 2254 rules may be applied to other applications for habeas corpus at discretion of court); Rule 2(c) (petition shall be signed under penalty of perjury by petitioner); Rule 11 (federal rules of civil procedure may be applied to the extent not inconsistent); Fed. R. Civ. P. 7(b)(1) (an application to the court for an order shall be made by motion); L.R. 7.1(b)(1)( a party filing a motion shall at the same time file a memorandum of reasons with supporting authorities).