UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERY JANULEWICZ,<br>Petitioner,<br><br>v.<br><br>BRUCE CHADBOURNE,<br>Respondent. | Civil Action 04-10566-NG |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE PETITIONER'S REQUEST FOR A STAY OF REMOVAL

### INTRODUCTION

The Petitioner has filed the instant Petition seeking a stay of removal from this court pending the resolution of a motion to reopen filed with the Board of Immigration Appeals ("BIA"). For the reasons stated more fully herein, a stay should be denied as this court lacks jurisdiction and the Petitioner cannot make a prima facie showing of entitlement to relief.

### FACTS

Petitioner is a native and citizen of Belarus who was admitted to the United States as a visitor for pleasure on July 11, 1991. Petitioner's visitor status was changed to student status, but he violated that status by failing to attend school as required and by working in the United States without authorization. Petition, ¶5. Removal proceedings were begun against petitioner by an administrative Notice to Appear dated August 13, 1997, charging petitioner with removability under 8 U.S.C. § 1227(a)(1)(C)(i), as an alien who has failed to comply with the conditions of his nonimmigrant status. Id.

Petitioner was represented by counsel in deportation proceedings before an Immigration Judge. As a result of those proceedings, on December 10, 1998, Petitioner was granted the relief of being permitted to voluntarily depart the United States on or before February 8, 1999, but petitioner's applications for asylum and withholding of removal were denied. Petition, ¶7. Petitioner, represented by new counsel, appealed the asylum and withholding decisions to the Board of Immigration Appeals (BIA). Petition, ¶8. By decision dated August 7, 2003, the BIA affirmed the orders of the Immigration Judge, and granted petitioner a renewed 30 day period within which to depart voluntarily without entry of the alternate order of removal. Petition, ¶9.

Petitioner failed to seek the statutorily prescribed judicial review of the BIA's August 7, 2003, order at the First Circuit Court of Appeals.

On December 18, 2003, Petitioner requested DHS counsel to join in a motion to reopen petitioner's removal case based upon the November 25, 2003, approval of an I-140 employment-based visa petition filed on behalf of petitioner. Petition, ¶11. The motion would otherwise be untimely if DHS counsel did not join. DHS declined to join in the motion by correspondence dated December 23, 2003. Id.

On March 1, 2004, Petitioner filed an untimely a motion to reopen his removal proceedings with the BIA. Petition, ¶13. That motion asserts a claim based upon ineffective assistance of counsel and "exceptional circumstances." Id.

2

## ARGUMENT

I. **The Court Lacks Jurisdiction to Enjoin the Respondent's Attempts to "Effect a Removal Order"**

Section 1252(g), of Title 8 provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g).

In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999), the Supreme Court held that 8 U.S.C. § 1252(g) blocks review in the district court of three particular kinds of administrative decisions: to "commence proceedings, adjudicate cases, or execute removal orders." The "[e]xcept as otherwise provided" clause that opens § 1252(g) allows review of removal orders in the courts of appeals, see §1252(a)(1), but review by district courts is not "otherwise provided in this section" and therefore is blocked. See Chapinski v. Ziglar, 278 F.3d 718 (7th Cir.2002); Bhatt v. Reno, 204 F.3d 744 (7th Cir.1999).

The *sine qua non* of a request for a stay in the context of habeas proceedings is the entitlement to habeas relief. Stated another way, 8 U.S.C. §1252(g) would not bar this court from entering a stay where the Petitioner put forward some evidence of entitlement to habeas relief, *ie.*, a legal or constitutional error, for the purpose of preserving the status quo pending a ruling on the request. See Foroglou v. Reno, 241 F.3d 111, 114-115 (1st Cir. 2002) ("where a habeas court has before it a colorable claim for habeas relief, we have held that it may preserve its jurisdiction by granting ancillary

3

relief to stay deportation *pendente lite*.")[1]  Section 1252(g) of Title 8 prohibits, however, exactly what this Petitioner seeks, a stay in hopes that the Immigration Court may possibly exercise discretion in his favor.[2]

The instant request for a stay, absent an allegation of legal or constitutional error that calls into question the validity of the removal order, is barred by 8 U.S.C. §1252(g). Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "is not being deported for criminal offenses and has had full access to the [Circuit Court of Appeals] for direct review of orders leading to his deportation . . . it is hard to view the habeas petition as anything other than <u>an attempt, contrary to [INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent the Attorney General from 'execut[ing] [a] [removal order[].'</u>")(emphasis added); and Sharif v. Ashcroft, 280 F.3d 786 (7th Cir. 2002).  As a consequence, this Court lacks jurisdiction to enter a stay.

---

[1] To be sure, the United States Supreme Court held in INS v. St. Cyr, 533 U.S. 289 (2001), that this provision did not foreclose all use by aliens of 28 U.S.C. § 2241, the general habeas corpus statute.  But St. Cyr does not disturb the holding of Reno v. American-Arab Anti-Discrimination Committee.  See, e.g., Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.")

[2] The Petition, even if correct, does not call into question the validity of the underlying removal order.  Indeed, the Petitioner, having failed to appeal to the First Circuit, cannot do so.
If the Petitioner were not warned of the consequences of failure to voluntarily depart, he would simply remain eligible to adjust his status.  See Ordonez v. I.N.S., 345 F.3d 777, 784 (9th Cir. 2003).  Such eligibility would not invalidate the removal order.
To adjust his status, it remains incumbent upon the Petitioner to reopen his removal proceedings before the BIA.  See Prado v. Reno, 198 F.3d 286, 289 (1st Cir. 1999); 8 C.F.R. § 1245.2(a) ("After an alien, other than an arriving alien, is in deportation or removal proceedings, his or her application for adjustment of status . . . shall be made and considered only in those proceedings.")
The decision to grant or deny a motion to reopen is discretionary.  Especially where, as here, the motion is untimely.  Prado, 198 F.3d at 292.  See also, Section IID, infra.

4

## II. The Petitioner Cannot Establish The Threshold Requirements For A Stay Of Removal

In <u>Arevalo v. Ashcroft</u>, 344 F.3d 1 (1st Cir. 2003), the First Circuit ruled that a habeas petitioner seeking a stay of removal must establish:

> (1) that she is likely to succeed on the merits of her underlying objection; (2) that she will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not disserve the public interest.

<u>Id.</u>, at 7.

Because the Petitioner cannot establish a likelihood of success on the merits and seeks a stay contrary to the public interest, the Petitioner's request should be denied.

### A. The Factual Premise Of The Petitioner's Argument Is Contradicted In the Record.

The Petitioner's primary contention, that he was not apprised of the consequences of a failure to voluntarily depart is expressly contradicted by the record. The Administrative Record reflects that the Petitioner's counsel filed a certification with the Immigration Court on February 10, 1998, affirming that he had informed the Petitioner of the consequences of a failure to comply with a voluntary removal order. See Respondent's Pleading, attached as <u>Exhibit 1</u>, ¶17. Moreover, the decision of the Board of Immigration Appeals expressly informed the Petitioner of the consequences of a failure to voluntarily depart and granted the Petitioner an additional thirty days to do so. See Decision of the BIA, dated August 7, 2003, attached as <u>Exhibit 2</u>.

Finally, Petitioner relies upon a prior statutory provision, former 8 U.S.C. § 1252b(e)(2), that was repealed by section 308(b)(6) of IIRIRA,[3] in 1996. That former provision did require written notice in English and Spanish and oral notice in a language

---

[3] Illegal Immigration Reform And Immigrant Responsibility Act of 1996, enacted as Division C of the Departments of Commerce, Justice, and State, and the Judiciary Appropriations Act for 1997, Pub. L. No. 104-208, 110 Stat. 3009, _ ( enacted Sept. 30, 1996) ("IIRIRA").

understood by the alien, in order for the relief-bars of that section to apply as a consequence for failure to comply with the terms of a voluntary departure order. The amended statutory provision created by IIRIRA, and controlling in Petitioner's case, 8 U.S.C. § 1229c(d), eliminates the former oral and language conditions and provides simply that "[t]he order permitting the alien to depart voluntarily shall inform the alien of the penalties [including relief ineligibilities] under this subsection." It is incontrovertible that the BIA order of August 7, 2003, provided that notice, and that Petitioner failed to depart as ordered.

In light of the foregoing, the factual allegations underlying the instant petition are without merit.

    B.    <u>Even If This Court Were To Presume That The Warning Was Not Provided By Counsel, The Petitioner Fails to State a Claim Upon Which Relief May Be Granted.</u>[4]

Even if the Court determined that counsel and the Immigration Judge both failed to apprise the Petitioner of the consequences of a failure to voluntarily depart (despite counsel's certification that he had done so, see Exhibit 1, ¶17) the Petitioner's claim fails. The Petitioner cannot establish prejudice as a result of counsel's alleged conduct because the Board of Immigration Appeals expressly warned the Petitioner of the consequences of

---

[4] It is not clear from the Petition that the Petitioner has even made a *prima facie* showing of ineffective assistance of counsel required by the BIA's decision in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). In order to state a viable claim, the Petitioner must submit:
(1) an affidavit describing in detail the agreement between the alien and his counsel regarding the litigation matters the attorney was retained to address; (2) evidence that the alien informed his counsel as to the alien's ineffective assistance allegations and afforded counsel an opportunity to respond; and (3) evidence that the alien had either filed a complaint with the appropriate disciplinary authority regarding the attorney's ethical or legal misfeasance, or a valid excuse for failing to lodge such a complaint.

Betouche v. Ashcroft, 357 F.3d 147, 149 (1st Cir. 2004) (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)). The Petitioner has made no allegation or showing to this court of compliance with the requirements of Lozada.

a failure to depart, see Exhibit 2, and provided the Petitioner an additional thirty days in which to depart.

Common sense dictates that an ineffective assistance claim based upon the failure to warn must fail in these circumstances. Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001)("Our concern in the immigration context. . . does not include an opportunity to tie up deportation proceedings in knots through collateral attacks on defects that would not plausibly have altered the result.").

### C. The Petitioner Cannot Adjust His Status Because He Failed to Voluntarily Depart Within The Time Provided By The BIA

The Petitioner cannot succeed in his Motion to Reopen because he is statutorily barred from adjusting his status. The Petitioner's visa was approved in November of 2003, more than two months after the Petitioner was ordered to voluntarily depart by the BIA. See Exhibit 2. There is no credible argument that the BIA failed to warn the Petitioner of the consequences of his failure to voluntarily depart. Id. As a result, the Petitioner is statutorily barred from adjusting his status. 8 U.S.C. §1229c(d). [5]

Consequently, the Petitioner has no basis to even request a favorable discretionary determination by the BIA.

---

[5] Title 8, Section 1229c(d) provides that:
> If an alien is permitted to depart voluntarily under this section and fails voluntarily to depart the United States within the time period specified, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and be ineligible for a period of 10 years for any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title. The order permitting the alien to depart voluntarily shall inform the alien of the penalties under this subsection.

8 U.S.C. §1229c(d)

7

D. <u>Petitioner Is Ineligible To Reopen His Removal Case Because His Motion To Reopen Is Untimely.</u>

It is provided by 8 U.S.C. § 1229a(c)(6)(C)(i) that except as related to certain asylum or in absentia removal cases any "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." Moreover, Federal regulations direct that after an alien is placed in removal proceedings "his or her application for adjustment of status . . . shall be made and considered only in those proceedings." 8 C.F.R. § 245.2(a)(1). Because petitioner's final order of removal entered on September 7, 2003, his present motion to reopen is untimely and barred by statute.

E. <u>The Court Should Not Reward the Petitioner's Deliberate Disregard for a Lawful Order</u>

Finally, Petitioner's request for a stay should be denied as against the public interest. Petitioner failed to voluntarily depart as ordered by the BIA before September 7, 2003. Instead, the Petitioner elected to ignore the order, and upon receipt of a visa, sought to reopen his removal proceedings. The public interest is not served by rewarding the Petitioner for disregarding the BIA's lawful order. <u>Matter of Shaar</u>, 21 I&N Dec. 541, 545 (BIA 1996) (1996 WL 426889) ("the purpose of voluntary departure is not to allow aliens who are otherwise deportable to remain in the United States for an indefinite period of time until they are eligible for some other form of relief from deportation.").

## CONCLUSION

For the foregoing reasons, the Respondent respectfully requests that the Petitioner's request for a stay be Denied.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney

MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136

### Certificate of Service

I hereby certify that a true copy of the above document was served upon counsel for the Petitioner, Steven Lagana, Lagana & Associates, 145 Essex Street, Lawrence, MA 01840, by fax and mail on this 26th day of March 2004.

Mark J. Grady
Assistant U.S. Attorney