UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERY JANULEWICZ            )
    Petitioner            )
                                 )
v.                         )   Civ. No. 04-10566-NG
                                 )
BRUCE CHADBOURNE           )
    Resondent             )

## EMERGENCY MOTION FOR A STAY OF REMOVAL AND MOTION FOR RECONSIDERATION

Petitioner, Jery Janulewicz respectfully requests that this Court stay his removal from the United States to Belarus, now scheduled for April 3, 2004 to permit the Court to consider his motion for reconsideration of his habeas petition.[1] As grounds for the motion, petitioner submits a December 30, 2003 letter from his previous attorney establishing that Attorney O'Neill affirmatively misled defendant with regard to the August 2003 Order of the Board of Immigration Appeals reinstating his voluntary departure. Pursuant to that Order, petitioner was required to depart the United States within 30 days of the Order or by September 7, 2004. (A copy of the letter is attached to the Affidavit of Paul M. Glickman accompanying this motion.)

As the letter makes clear, Attorney O'Neill misled petitioner by leading him to believe that Attorney O'Neill had filed for a stay of deportation and that he did not have to depart while the stay was pending. This would have been perfectly believable for petitioner as his removal had already been stayed almost 4 years while the Board of Immigration Appeals reviewed the order of the Immigration Court.

---

[1] As noted in the Glickman affidavit, on March 31, 2004 Deportation refused to confirm whether petitioner would not be removed prior to April 3, 2004.

1

Attorney O'Neil's letter stated: "The BIA notified you that you had 30 days to depart the US based upon the Immigration Judge's granting of voluntary departure in December of 1998. *Departing the US for Belarus within 30 days would have precluded you from collecting any immigration benefit. My office filed a stay of deportation with the Deportation Unit seeking to extend you legal period of time waiting in the US as we attempted to pursue relief on your behalf...*" [emphasis added] Nowhere in the letter does it state that the request for a stay itself would not stay the voluntary departure removal date. To the contrary, the obvious implications of the letter are that the request would stay removal and that petitioner would still be able to pursue his adjustment of status. [As noted above, this interpretation would have been consistent with the automatic stay of removal during the almost four year appeal procedure.]

Consistent with this interpretation is that, on October 3, 2004, petitioner voluntarily presented himself to the Bureau of Immigration and Customs Enforcement as required by his previously imposed supervision order pending during the four year period of his appeal.[2] He simply proceeded as if the stay supervision proceedings were still pending. If he had known that he was in fact in violation of his voluntary departure order, it would have not made sense to simply show up for his supervision reporting, especially without his attorney.

Moreover, compounding attorney O'Neill's flagrant misleading of petitioner is the fact that if attorney O'Neill had not forgot to enclose a copy of petitioner's passport with the application for the stay, it might well have been granted and petitioner would have been able to proceed with his application for adjustment. See, application for a stay of deportation and

---

[2] Under the Order of Supervision, petitioner was required to report to Deportation every three months.

2

response of the Bureau of Immigration and Customs Appeals attached to the Glickman affidavit.

Accordingly this Court should consider granting relief based upon the doctrine of "equitable tolling." While the First Circuit has repeatedly held that "equitable tolling" is a 'sparingly' used doctrine, this is that rare case where equitable tolling should be recognized to correct a manifest injustice where petitioner who had been affirmatively misled by his attorney and had attempted to comply with Immigration requirements as shown by his voluntary reporting for his supervision.[3] Jobe v. Immigration and Naturalization Service, 238 F. 3d 96, 100 (1st Cir. 2001.)

In Jobe, the First Circuit identified five factors that should guide the court in evaluating relief under equitable estoppel: "(1) lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in pursuit of one's rights; (4) an absence of prejudice to the party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." *Id.* at 100. In other words, "equitable tolling 'is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands.'" *Id.* As presented above, such was the case here. See, also, Khaeerian v. Immigration and Naturalization Service, 28 Fed. Appx. 622, 2002 WL 92926(9th Cir. 2002) holding that failure to consult with client prior to withdrawing asylum claim was ineffective assistance of counsel warranting equitable tolling and the reopening of the removal proceeding.) and Iavorski v. United States Immigration and Naturalization Service, 232 F.3d 124 (2000.) holding that ineffective assistance of counsel

---

[3] In re Shaar, BIA Interim Decision 3290 (1996 WL 426889)(21 I.&N. Dec. 541) strictly limits the ability of the Immigration Court to relief from the voluntary departure bar under "exceptional circumstances." under INA Section 242B(f)(2). However, the Shaar case did not consider whether affirmative misleading by a claimant's attorney, as in the case here, could support a claim under "exceptional circumstances."

causing the alien to miss a filing deadline was grounds for equitable tolling. *Id.* at 127.

As evidenced by the O'Neill letter, petitioner was affirmatively misled to believe that O'Neill's request for a stay of deportation would serve to stay the effect of the voluntary departure order. In fact, petitioner did all that he could to protect his rights and comply with the law. He retained an attorney in whom he had confidence to legally and appropriately guide him through the complex immigration laws; he reported to Deportation consistent with what he had understood to be his obligations and which had been his obligations during the almost four years his appeal was pending; and he would have voluntarily returned to Belarus if he had not been misled.

WHEREFORE, Petitioner requests that this Court issue an emergency stay of removal, which could be scheduled for as early as tomorrow, April 1, 2004 and grant reconsideration of the habeas petition to at the very least, permit the Immigration Court to reinstate voluntary departure.

Dated: March 31, 2004

Respectfully submitted,
Jery Janulewicz, by his attorney,

Paul M. Glickman BBO No. 550840
Glickman Turley, LLP
250 Summer Street
Boston, MA 02210
(617) 399-7770

## CERTIFICATE OF SERVICE

Paul M. Glickman certifies that he caused the above document to be hand delivered to AUSA Mark Grady, United States Attorneys Office, Suite 9200, 1 Courthouse Way, Boston, MA 02210.

_____
Paul M. Glickman