UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JERY JANULEWICZ,              )
        Petitioner,           )
     v.                       )    C.A. No. 04-10566-NG
                              )
ANDREA CABRAL, SHERIFF OF     )
SUFFOLK COUNTY,               )
     Respondent.              )
                              )
```

**GERTNER, D.J.:**

<u>**ORDER**</u>

April 1, 2004

Petitioner Jery Janulewicz has filed an Emergency Motion for Stay of Removal and Motion for Reconsideration [docket # 5]. For the following reasons, petitioner's motion is hereby **GRANTED**.

Jery Janulewicz has dealt with the immigration authorities in two ways. On the one hand, he applied for a work authorization (I-140) in the summer of 2001 which he finally received on November 25, 2003. That authorization entitles him to an adjustment of status and the ability to contribute productively to the American economy.

On the other hand, Mr. Janulewicz, like so many immigrants, has had difficulties negotiating the complex miasma of immigration regulations. A native of Belarus, he was admitted to the United States as a visitor for pleasure on

July 11, 1991.  His visitor status was changed to a student status, but revoked when he failed to attend school and worked without authorization. Removal proceedings were started on August 13, 1997, and resolved on December 10, 1998. Represented by counsel (Kelly Landolphi), Janulewicz agreed to voluntarily depart the United States on or about February 8, 1999.  His petitions for asylum and withholding of removal were denied.  Now with new counsel (Brian O'Neill), Janulewicz appealed both the asylum and withholding decisions to the Board of Immigration Appeals ("BIA"), and lost again on August 7, 2003.  Janulewicz was granted a renewed 30 day period within which to voluntarily depart.

August 2003 is the key period.  Petitioner's counsel failed to appeal the BIA's order to the First Circuit.  In addition, Janulewicz's August 2003 motion for stay was denied because his counsel failed to attach petitioner's passport to the papers.  While the BIA's notice tells Janulewicz of the consequences of failing to depart on time, Janulewicz claims that the notice was mailed to his lawyer and his lawyer never informed him of those warnings.[1]  By early September, then,

---

[1] While he had been warned back in 1998, at the time of the initial decision, both on the record and by his counsel, he had received a stay of the deportation order in the interim, and the law had changed in several respects. Significantly, in December 2000, President Clinton signed legislation that opened the possibility of using Section 245(i) for purposes of seeking

-2-

Janulewicz had violated the terms of the voluntary departure order by remaining in the country.  That fact seemed to have determined the course of Janulewicz's proceedings thenceforth.  By October 2003, he was in custody.

After receiving the I-140 work authorization (in November 2003) Janulewicz tried to reopen all proceedings. He first sought Department of Homeland Security ("DHS") counsel's approval for a joint motion to reopen, in order to seek adjustment of status as the beneficiary of an approved I-140 labor petition.  On December 23, 2003, DHS counsel denied his request because of his prior failure to depart the United States.  On or about March 1, 2004, Janulewicz filed a motion to reopen on his own (this time with third counsel, Stephen Lagana), and requested a stay.  That motion -- which was untimely -- alleged ineffective assistance of counsel and "exceptional circumstances" and is still pending, although a stay has been denied.

At a hearing before this Court on March 29, 2004, then counsel for Janulewicz (Stephen Lagana) indicated that the basis for the ineffective claim was that Janulewicz was never informed of the consequences of the failure to voluntarily

---

adjustment of status to legal permanent residents.

-3-

depart.  I concluded that while counsel's letter to Janulewicz of December 30, 2003, indicated that counsel's explanation of Janulewicz's duties could have been less than clear, the waiver form executed by counsel suggested that the issues had been orally explained to Janulewicz, and the BIA's formal notification raised all of the appropriate issues.  I did not consider Janulewicz's claim that counsel had not bothered to forward the BIA's notification to him.  Accordingly, if ineffective assistance of counsel was based on *notice*, I concluded that there was adequate notice of the consequences of voluntary departure.

   Now, a fourth lawyer represents Janulewicz (Paul Glickman) and claims that the reason that Janulewicz never got a stay of deportation in August of 2003 from the BIA was because O'Neill never attached Janulewicz's passport to the stay application as he was obliged to do.  The implication is that if the BIA had had a proper motion for stay in front of it in August of 2003, the BIA could well have granted it and Janulewicz would not have violated the terms of his voluntary departure by staying.  Likewise, if he had not overstayed the voluntary departure, the Trial Attorney Unit of DHS might have joined in the petition to reopen – since Janulewicz had an approved I-140.  And if they had done so, the chances to

reopen the case would have been improved.

And as to whether Janulewicz fully understood the consequences that his failure to depart on time would have, I now reconsider my oral findings.  The same lawyer who failed to attach Janulewicz's passport to his application for stay in 2003, was charged with forwarding the BIA's decision to him (a decision that included the warnings of the consequences of failure to depart).  Given counsel's error with regard to the stay, I am prepared to credit petitioner's claim that he was never given the BIA's form, and did not truly understand what was happening to him.

Accordingly, I **GRANT** a stay of deportation, pending the BIA's consideration of Janulewicz's motion to reopen the proceedings before the BIA.  The bottom line is this: Janulewicz has authorization to work in the United States. While he has been represented by counsel, indeed several counsel, the advice he has received surely raises the spectra of ineffective assistance of counsel.

**SO ORDERED.**

**Dated:  April 1, 2004**          **s/NANCY GERTNER, U.S.D.J.**