UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JERY JANULEWICZ )<br>    Petitioner )<br>  )<br>v.  )<br>  )<br>ANDREA CABRAL )<br>    Respondent ) | | Civ. No. 04-10566-NG |

AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Jerzy Janulewicz alleges as follows:

PARTIES

1. Petitioner, Jerzy Janulewicz (variously referred to as "Petitioner," "Jerzy," or "Mr. Janulewicz") is a citizen of Belarus and is presently detained under the jurisdiction of the United States at the Suffolk County House of Corrections, 20 Bradston Street, Boston, MA.

2. Respondent Andrea Cabral is the Sheriff of Suffolk County and is responsible for the operation of the Suffolk County House of Correction which has custody of petitioner.

JURISDICTION

3. This Court has jurisdiction to hear this petition under 28 U.S.C. § 2241(c) because he is in custody under or by color of the authority of the United States.

1

## BACKGROUND

4. Petitioner, a citizen of Belarus was admitted to the United States on or about July 11, 1991 under a non-immigrant visa. Petitioner's status was adjusted to an F-1 student visa to attend North Shore Community College, but he failed to attend. Additionally, Petitioner was employed in violation of his status. Consequently, he was placed in removal proceedings on August 13, 1997, for failing to maintain or comply with the conditions of his status pursuant to Section 237(a)(1)(C)(I) of the Immigration and Nationality Act ("INA.")

5. At his initial master hearing held before the Boston Immigration Judge ("IJ.") Petitioner admitted the allegations contained in the Notice to Appear, but sought asylum and voluntary departure in the alternative.

6. At the conclusion of his December 10, 1998 hearing on the merits of his asylum application, the IJ denied the application for asylum and granted petitioner 30 days voluntary departure.

7. Petitioner filed a timely appeal of the IJ decision with the Board of Immigration Appeals ("BIA,") As a result of the filing of the appeal, the removal of petitioner was stayed pending a decision by the BIA. Petitioner was paroled under an order of supervision which required him to report to the Bureau of Customs and Immigration Enforcement Deportation Office ("Deportation") on a quarterly basis.

8. On August 7, 2003, the BIA summarily denied the appeal and reinstated voluntary departure within 30 days.

9. On or about August 19, 2003, Petitioner's then attorney filed a request for a stay of removal with the BIA but failed to include a copy of petitioner's passport as required.

10. On October 8, 2003, Deportation denied the stay because of the failure to attach a copy of petitioner's passport.

Petitioner's Then Counsel Affirmatively Misleads Petitioner as to the Consequences of the BIA Denial of the Appeal and Reinstatement of Voluntary Departure

11. At around the time of the BIA August 7, 2003 decision, petitioner's then attorney told petitioner that the appeal had been denied but that the attorney was filing for a stay of removal. Petitioner's attorney did not send petitioner a copy of the decision.

12. Petitioner's attorney further told petitioner that he could remain in the United States pending a decision on the stay request. He failed to inform petitioner, that under the terms of his voluntary departure, he would have to leave the United States on or before the voluntary departure date if no decision on the stay request had been received.

13. Petitioner, relying upon his counsel's advice, assumed that the stay of removal continued pending a decision of the new stay petition and that the terms of the order of supervision continued to apply.

Petitioner is Detained and Files Motions to Reopen the BIA Appeal

14. Accordingly, on October 2, 2003, petitioner reported to Deportation for his quarterly reporting. Upon appearing at Deportation, he was immediately detained because he had violated his voluntary departure.

15. On November 23, 2003, the Bureau of Citizenship and Immigration Services approved

an employment based I-140 visa petition on behalf of petitioner. This visa approval would have made petitioner eligible for adjustment of status to lawful permanent resident in the United States but for the bar to adjustment of status arising from the voluntary departure violation.

16. On March 3, 2004, petitioner filed a motion to reopen with the BIA. On April 1, 2004, the BIA denied the motion to reopen on the ground that respondent did not submit an affidavit setting forth the basis for equitable tolling of the BIA time limit to file such a motion.

17. On April 8, 2004, Petitioner filed a motion for reconsideration with the BIA and included an affidavit setting forth the basis for equitable tolling of the time limit. On April 12, 2004, this Court extended the stay of removal pending the BIA's decision on the motion for reconsideration.

18. On May 11, 2004, the BIA summarily denied Petitioner's motion on the ground that: "The respondent, in the instant motion, has failed to identify any errors of law or fact in our April 1, 2004 decision which would persuade us to reopen the proceeding at this time." The April BIA decision was predicated upon respondent's failure to provide an "explanation for the late motion" and the lack of proof of "due diligence" in pursuing the motion. Petitioner's April 2, 2004 affidavit submitted to the BIA in support of the motion for reconsideration of the BIA April 1, 2004 decision provided ample evidence of both factors addressed in the April BIA decision.

<u>Petitioner is Entitled to Equitable Tolling of the Voluntary Departure Bar</u>

19. As a result of petitioner's counsel's affirmative misleading of petitioner, petitioner is subject to a lifetime bar to adjustment of status based upon his already approved employment based visa.

20. Petitioner acted reasonably and in good faith to comply with the Immigration and Nationality Act and the orders of the BIA. He relied upon his attorney's representations that the voluntary departure was stayed pending Deportation's decision on his stay request. His lawyer specifically told him he could remain in the United States pending the determination and even warned him that he would lose his eligibility for adjustment if he were to leave the country.

21. Believing that the stay of removal was still in effect, petitioner voluntarily reported to Deportation under what he believed was the still valid order of supervision only to be detained by Deportation.

22. Petitioner's present situation was truly beyond his control and not a result of a lack of due diligence. Petitioner's voluntary departure bar to adjustment should be equitably tolled to correct a manifest injustice. Upon learning of his attorney's malfeasance, he acted with due diligence in seeking redress before the BIA.

Wherefore, petitioner respectfully requests that this Court grant the habeas petition and order:

1. A continuance of the stay of removal;

2. The United States Department of Justice and the Department of Homeland Security to reopen his removal proceeding and equitably toll the voluntary departure bar to adjustment of status;

3. The United States Department of Justice and the Department of Homeland Security to permit petitioner to file for adjustment of status to a permanent legal resident;

4. The United States Department of Justice and the Department of Homeland Security to release petitioner from custody pending a final determination of the application for adjustment of legal status; and,

5. Such other and further relief as this Court deems appropriate and proper.

|  |  |
|---|---|
| Dated: May 14, 2004 | Respectfully submitted,<br>Jerzy Janulewicz, by his attorney, |

"/s/"_____
Paul M. Glickman BBO No. 550840
Glickman Turley, LLP
250 Summer Street
Boston, MA 02210
(617) 399-7770