UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERY JANULEWICZ ) | |
|    Petitioner ) | |
| ) | |
| v. ) | Civ. No. 04-10566-NG |
| ) | |
| ANDREA CABRAL ) | |
|    Respondent ) | |

## MOTION FOR HEARING AND CONTINUATION OF STAY OF REMOVAL PENDING HEARING ON THIS PETITION

On April 1, 2004, this Court granted Petitioner's Motion for a Stay of Removal and Motion for Reconsideration on the ground that petitioner's pleadings had raised the "spectra of ineffective assistance of counsel." The April 1, 2004 Order stayed removal pending previous counsel's motion to reopen before the Board of Immigration Appeals ("BIA.") On April 1, 2004, the BIA denied the motion to reopen on the ground that respondent did not submit an affidavit setting forth the basis for equitable tolling of the BIA time limit to file such a motion. On April 8, 2004, Petitioner filed a motion for reconsideration with the BIA and included an affidavit setting forth the basis for equitable tolling of the time limit. On April 12, 2004, this Court extended the stay of removal pending the BIA's decision on the motion for reconsideration.

On May 11, 2004, the BIA summarily denied Petitioner's motion on the ground that: "The respondent, in the instant motion, has failed to identify any errors of law or fact in our April 1, 2004 decision which would persuade us to reopen the proceeding at this time." (A copy of the May 11, 2004 BIA decision is attached to this motion as Exhibit 1.) The April BIA decision was predicated upon

respondent's failure to provide an "explanation for the late motion" and the lack of proof of "due diligence" in pursuing the motion. Petitioner's April 2, 2004 affidavit submitted to the BIA in support of the motion for reconsideration of the BIA April 1, 2004 decision provided ample evidence of both factors addressed in the April BIA decision.

Petitioner affirmed that he had never received a copy of the BIA August 7. 2003 Order denying his appeal and reinstating his voluntary departure. Instead, Attorney O'Neill misled petitioner by telling him that he could remain in the United States pending a determination of a request to stay deportation which Attorney O'Neill represented he was submitting. A December 30, 2003 letter from Attorney O'Neill confirmed this misleading advice. Attorney O'Neill wrote: "The BIA notified you that you had 30 days to depart the US based upon the Immigration Judge's granting of voluntary departure of 1998. Departing the US for Belarus within 30 days would have precluded you from collecting any immigration benefit. My office filed a stay of deportation with the Deportation Unit seeking to extend your legal period of time waiting in the US as we attempted to pursue relief on your behalf..."

On December 10, 1998, the Immigration Court denied petitioner's application for asylum and ordered petitioner to be removed from the United States. The Court further granted 30 days voluntary departure. Petitioner timely filed an appeal with the BIA which stayed the removal from the United States. On August 7, 2003, three and ½ years after the filing of the appeal, the BIA summarily affirmed the Immigration Court decision and reinstated voluntary departure. During the three and ½ year period while the appeal was pending, petitioner was paroled on an order of supervision requiring quarterly reporting to Deportation. Since petitioner's removal had been stayed pending appeal, it made perfect

sense to Petitioner that the stay and order of supervision would continue through the determination of the request for a stay of deportation. Consistent with this understanding, on October 2, 2003, petitioner reported to Deportation as he believed he was obligated to under the order of supervision. However, upon arrival at Deportation he was immediately detained because he was told the order of supervision was no longer valid and no stay was in effect.

     This evidence well demonstrates that petitioner had good cause for his late filing of his motion to reopen. Until he was detained, he had no knowledge or reason to know that he no longer had a stay of removal and that his attorney had misled him. He also acted with due diligence to file a motion as soon as he learned about the ineffective assistance of his prior counsel.

     Moreover, the reason that the stay of removal was not considered and likely granted was the failure of the same counsel to enclose a copy of petitioner's passport as required by law. If in fact, attorney O'Neill had properly complied with this requirement, petitioner's voluntary departure would likely have been extended and he would not have been subject to violation of the voluntary departure.

     As a result of the violation of voluntary departure, petitioner is now irreparably harmed because he is no longer eligible to adjust status to legal permanent resident based upon his approved employment based visa.

     Petitioner has now exhausted his remedies with the BIA. The May 11, 2004 BIA summary decision suggests that despite the reasons for denial set forth in its earlier April 1, 2004 decision, the BIA never truly intended to reasonably consider petitioner's reasons for seeking equitable tolling. Instead, the BIA provided a perfunctory denial totally failing to address the valid factual basis for relief.

Under <u>Jobe v. Immigration and Naturalization Service</u>, 238 F. 3d 96, 100 (1st Cir. 2001,) this Court should grant relief to correct the manifest injustice to petitioner created by the ineffective assistance of prior counsel.

In <u>Jobe</u>, the First Circuit identified five factors that should guide the court in evaluating relief under equitable estoppel: "(1) lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in pursuit of one's rights; (4) an absence of prejudice to the party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." *Id*. at 100. In other words, "equitable tolling 'is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands.'" *Id*. As presented above, such was the case here. See, also, <u>Khacerian v. Immigration and Naturalization Service</u>, 28 Fed. Appx. 622, 2002 WL 92926(9th Cir. 2002) holding that failure to consult with client prior to withdrawing asylum claim was ineffective assistance of counsel warranting equitable tolling and the reopening of the removal proceeding.) and <u>Iavorski v. United States Immigration and Naturalization Service</u>, 232 F.3d 124 (2000) holding that ineffective assistance of counsel causing the alien to miss a filing deadline was grounds for equitable tolling. *Id*. at 127.

As evidenced by the O'Neill letter, petitioner was affirmatively misled to believe that O'Neill's request for a stay of deportation would serve to stay the effect of the voluntary departure order. Petitioner did all that he could to protect his rights and comply with the law. He retained an attorney in whom he had confidence to legally and appropriately guide him through the complex immigration laws; he reported to Deportation consistent with what he had understood to be his obligations and which had

been his obligations during the almost four years his appeal was pending; and he would have voluntarily returned to Belarus if he had not been misled.

Petitioner is now ironically the beneficiary of an employment based visa which because of his prior lawyer's errors, dangles just beyond his reach.  As set forth in this motion, petitioner's immigration case should be reopened to permit him to pursue his legal adjustment to permanent legal residence.

WHEREFORE, Petitioner requests that this Court continue the stay of removal and order a speedy hearing on the reopened/amended habeas petition.

Dated: May 14, 2004

Respectfully submitted,
Jerzy Janulewicz, by his attorney,


"/s/"_____
Paul M. Glickman BBO No. 550840
Glickman Turley, LLP
250 Summer Street
Boston, MA 02210
(617) 399-7770