UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

In the matter of:

Jerzy JANULEWICZ                                          A76-490-739

    Respondent                                          DETAINED CALENDAR

AFFIDAVIT OF JERZY JANULEWICZ

Respondent, Jerzy Janulewicz affirms under the pains and penalties that:

1. My previous attorney, Brian O'Neill never sent me a copy of this Court's August 7, 2003 Order denying my appeal and reinstating my voluntary departure.

2. Attorney O'Neill also never informed me of the legal consequences of not departing on or before the voluntary departure date.

3. To the contrary, as evidenced in his December 30, 2003 letter to me, Attorney O'Neill advised me that he was filing a request for a stay of deportation and that I could remain in the United States pending a determination of that request. In fact, he told me that if I left the United States, I would be ineligible for adjustment of status. See, O'Neill letter at page 2 "The BIA notified you that you had 30 days to depart the US based upon the Immigration Judge's granting of voluntary departure in December of 1998. *Departing the US for Belarus within 30 days would have precluded you from collecting any*

*immigration benefit. My office filed a stay of deportation with the Deportation Unit seeking to extend you legal period of time waiting in the US as we attempted to pursue relief on your behalf..."* [emphasis added] The clear implication of this letter is that I should remain in the United States while the stay request was pending. (Copy of letter attached.)

4. As the letter makes clear, Attorney O'Neill misled me into that I should not leave while the stay was pending. This advice made perfect sense to me because I knew that I had a stay of removal during my appeal from the Immigration Court decision. During the three and ½ years before my appeal was denied last July, I reported to the Bureau of Immigration and Customs Enforcement every three months as required by my Order of Supervision.

5. I understood that the provisions of the Order of Supervision would remain in effect until the request for the stay of removal was decided. Consistent with this understanding, I voluntarily went to the Deportation office on the day I thought I was next supposed to report, October 2, 2004 and was surprised when I was told that I had overstayed my voluntary departure and was now to be detained.

6. I intended to and believed that I had conscientiously followed every legal requirement during the course of my removal proceeding and would not have knowingly disobeyed an Order of the Court.

7. I also understand that my Attorney erred when he filed for the stay of removal and that the stay was denied because he had failed to enclose my passport as required by law. He never acknowledged to me that he had made this error. If he had not made the

error, it is reasonable to assume that the stay may have been granted and that I would not now be in violation of the voluntary departure order. (attached.)Accordingly, I respectfully request that the Court reopen my removal proceeding and permit me to adjust my status pursuant to the I-140 visa petition approved on November 23, 2003.

April 2, 2004                                                                                   "/s/"_____
                                                                                                Jerzy Janulewicz