You contacted my office during the late summer of 2001 and informed my office that you no longer wished to have Global Insurance be the sponsor of your labor certification. You stated that you had a new sponsor, Burba Dental Partners. My office met with you and Dr. Stanley Burba in an effort to inform you of the facts associated with being "grandfathered" with the April 2001 date as well as discuss the possible timeline in which you had to successfully collect your legal permanent residence (Green Card) in the US. My office charged you a legal fee for the second labor certification filing that represented the time and expenses expended on your behalf. We were successful in obtaining an approved labor certification for you on October 31, 2002 thus qualifying you to persue an I-140 petition with the INS.

In November of 2002 my office moved forward on the submission of your I-140 petition with the INS. Your I-140 petition was filed with the INS in December of 2002. My office charged you a legal fee to file your I-140 petition based upon the time and expenses expended on your behalf.

In August of 2003 the BIA responded to your appeal which had been pending before the BIA since December of 1999, stating that the BIA had chosen to affirm the Immigration Judge's decision. The BIA notified you that you had 30 days to depart the US based upon the Immigration Judge's granting of voluntary departure in December of 1998. Departing the US for Belarus within 30 days would have precluded you from collecting any immigration benefit. My office filed a stay of deportation with the Deportation Unit seeking to extend your legal period of time waiting in the US as we attempted to pursue relief on your behalf. The relief that we were seeking was an approved I-140 and upon approval of the I-140, an attempt to have the Trial Attorney consider joining us in a motion to reopen at the BIA and remand your case back to the Boston Immigration Court based upon the new relief available to you. Seeking a stay of deport is not a guaranteed petition. My office charged you only for the filing fee associated with the stay of deportation not the time and effort required to assemble and prepare this application.

In early October of 2003 you were taken into INS custody. My office sought to have you released from INS custody by pursuing the stay of deportation that was filed in August of 2003. My efforts to have your stay of deportation granted and your release from INS custody were not successful.

In late November of 2003 your I-140 petition was approved. My office filed a draft joint motion with the Trial Attorney Unit seeking that they agree to join our motion to reopen your case at the BIA. Along with seeking the Trial Attorney's willingness to join our motion to reopen I filed another stay of deport to keep you in the US while we awaited the Trial Attorney's response. Without the Trial Attorney's agreement to join our motion I am not optimistic about your chances that the BIA will reopen your case. On December 23, 2003 the Trial Attorney Unit wrote to me and told me that they will not join us in our motion to reopen at the BIA based upon the fact that you chose to overstay the 30 days of voluntary departure granted to you in December of 1998 by the Immigration Judge and again granted to you by the BIA in August of 2003.

You now inform my office that you have sought other legal counsel in an effort to pursue relief in the US. My question to you is, what relief? My office has attempted to exhaust every relief available to you and quite frankly, I only wish to charge a fee to clients when I can assure them that their efforts are more likely than not to be successful. You have somehow made the equation that spending money with another attorney as getting you closer to a result. You have also never stopped to consider that my office has worked on your case for over four years and since you have worked with my office every time that I have charged you a fee you have obtained a result. You have further insulted my office by asking that I please forward all of your documents to you so that you can give the other attorney work in an effort to justify your foolish expenditure. The most puzzling part of your story was when you told my staff that the attorney that you hired solicited your business in jail and has a restriction on his office telephone from taking collect calls from jail. Keep in mind Jerzy that my office has been available to accept your collect calls for over two months. Your sense of logic and order are clearly distorted.

I am very aware that the time you are spending in prison is very difficult and that you have a great desire to remain in the US. I have made very effort to accomplish this goal on your behalf. It is doubtful that you will be successful because of the timeframe in which the BIA acted on your case versus the time needed to obtain an approved I-140 petition. One of the few factors that anyone can control in this process is the race against time. Had the BIA not decided on your appeal until after your I-140 petition was approved you would have withstood a better chance to have your case remanded back to the Immigration Judge in Boston and you would have been able to file an application for a Green Card. It appears to me that your latest effort is based upon your need to hear good news rather than to deal with the reality of your situation.

Enclosed please find an itemization of the expenses associated with assisting you.

$154.35 in collect phone calls (copy of bills attached)
$155.00 filing fee for the initial stay of deportation (copy of receipt attached)
$155.00 filing fee for the second stay of deportation submitted along with your joint motion to reopen with the Trial Attorney Unit (copy of receipt attached)
$735.00 balance that is outstanding on your I-140 filing (copy of invoice attached)

Total due: 1199.35

I will be happy to assist you once your account is current with my office.

Regards,

Brian T. O'Neill
Enclosures
cc:   Laura Mieszczanski
      Stanley Burba

3

*The Law Offices of*
*Brian T. O'Neill, P.C.*
*One Center Plaza*
*Suite 330*
*Boston, Massachusetts 02108*
*Tel. (617) 722-4000*
*Fax (617) 523-7837*

December 30, 2003

Mr. Jerzy Janulewicz
Inmate # 0304071
House of Correction at South Bay
20 Bradston Street
Boston, Massachusetts 02118

Dear Jerzy,

A review of your four year history with my office is as follows:

You contacted my office in late 1998 seeking that my office file an appeal to the BIA after you had been denied asylum before the Boston Immigration Court. You were granted 30 days of voluntary departure by the Immigration Court and your attorney of record at the time, Kelly Landolphi also reserved your right to appeal the judge's decision. My records reflect that you filed an asylum application in 1997/1998 after you were placed in deportation proceedings due to being apprehended by the INS at your worksite. My office charged you a legal fee for timely filing a notice of appeal as well as timely submitting a full brief in support of the appeal.

On December 21, 2000 President Clinton signed legislation that opened up the possibility utilizing Section 245(i) for purposes of seeking adjustment of status to legal permanent residence. Previously the ability to utilize Section 245(i) was closed to adjustment applicants in January of 1998. You contacted my office and ask that we file a labor certification based upon Global Insurance Services willingness to sponsor you. My office filed a labor certification/reduction in recruitment on your behalf in April of 2001. My office charged you a legal fee for the time and expenses of performing services on your behalf.

...on and Naturalization Service     Application for S... of Deportation or Removal

Fee Stamp

Aug21/03 001#23301 HDS-EP
1-246   $255.00

**SUBMIT IN DUPLICATE**

*Read instruction on reverse before filling out application*

File No. A# 76490739

Date August 19- 2003

1. Name (Family Name in CAPITAL letters, First, Middle)
   JANULEWICZ     Jerzy

2. Present Address (Apt. No.) (Number and Street) (Town or City) (State) (Zip Code)
   69 Endicott Street    Salem    Massachusetts    01970-3049

3. Country of Citizenship
   Belarus

4. Date to which passport is valid (Attach passport)
   W/ INS

5. Country to which deportation or removal has been ordered
   Belarus

6. Date to which stay of deportation or removal is requested
   03/07/2004

7. Reasons for requesting stay of deportation or removal

Jerzy Janulewicz has an I-140 pending at the VSC (see attached cancelled check & online update marked Exhibit A). The I-140 has a priority date prior to April 30, 2001, making Jerzy Janulewicz eligible to adjust his status under Sec. 245(i). Jerzy Janulewicz has received a final notice from the BIA (see attached notice marked Exhibit B) informing him of thier affirmation of the Immigration Judge's order. We seek a stay of deport for 6 months in order to allow Jerzy Janulewicz time to collect his I-140 and attempt to adjust his status before the Immigration Judge.

8. I certify that the statements I have made in this application are true and correct to the best of my knowledge and belief.

(Signature)    Boston MA (Location)    8-18-03 (Date)

9. Signature of person preparing form, if other than applicant.
I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by a preparer to complete this block may result in criminal prosecution and upon conviction, a fine or imprisonment.

(Signature)    Brian J ONeill Sr (Printed Name)    8-19-03 (Date)

**APPLICATION: DO NOT WRITE BELOW THIS LINE**

Stay ☐ Denied ☐ Granted Until _____ (Date) at _____ (Place Where Granted)

By _____ (Signature) _____ (Title) _____ (Date)

Form I-246 (Rev. 4/1/97)N

**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement

*JFK Federal Building*
*Government Center*
*Boston, Massachusetts 02203*

October 08, 2003

JANULEWICZ, Jerzy                A76 490 739
C/O Brian O'Neil
One Center Plaza Suite 330
Boston, MA 02108

This is in response to your request for a Stay of Deportation or Removal, which was submitted to the Bureau of Immigration Customs Enforcement (ICE) on October 6, 2003.

Your request is not in compliance with 8 CFR Section 103.2, in that, you have failed to attach a valid passport with your application. For the reason mentioned your Application for Stay of Deportation or Removal is hereby denied.

Sincerely,

Ricardo Santos
Deportation Officer