UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERY JANULEWICZ,              )<br>Petitioner,                              )<br>                                              )<br>v.                                           )<br>                                              )<br>BRUCE CHADBOURNE,       )<br>Respondent.                           ) | Civil Action 04-10566-NG |

**RESPONDENT'S OPPOSITION TO THE PETITIONER'S REQUEST TO AMEND THE HABEAS PETITION**

**Introduction**

On April 12, 2004, this Court entered a stay of removal, effective until the Board of Immigration Appeals ("BIA") ruled upon the Petitioner's motion to reconsider the denial of his motion to reopen his removal proceedings.

On May 11, 2004, the BIA denied the Petitioner's motion to reconsider. See Decision of the Board of Immigration Appeals, dated May 11, 2004, attached hereto as Exhibit 1.

The Petitioner has now filed a motion to amend his habeas proceedings seeking that the stay be extended and an order from this Court: that the Respondent reopen the Petitioner's removal proceedings; allow a request to adjust Petitioner's status; and release the Petitioner pending the outcome of those proceedings. As grounds for the amended petition, the Petitioner argues that he was denied the effective assistance of counsel, the identical issue upon which the Petitioner sought to reopen his removal proceedings.

**Facts**

Petitioner is a native and citizen of Belarus who was admitted to the United States as a visitor for pleasure on July 11, 1991. Petitioner's visitor status was changed to

student status, but he violated that status by failing to attend school as required and by working in the United States without authorization. Petition, ¶5. Removal proceedings were begun against petitioner by an administrative Notice to Appear dated August 13, 1997, charging petitioner with removability under 8 U.S.C. § 1227(a)(1)(C)(i), as an alien who has failed to comply with the conditions of his nonimmigrant status. Id.

Petitioner was represented by counsel in deportation proceedings before an Immigration Judge. As a result of those proceedings, on December 10, 1998, Petitioner was granted the relief of being permitted to voluntarily depart the United States on or before February 8, 1999, but petitioner's applications for asylum and withholding of removal were denied. Petition, ¶7. Petitioner, represented by new counsel, appealed the asylum and withholding decisions to the Board of Immigration Appeals. Petition, ¶8. By decision dated August 7, 2003, the BIA affirmed the orders of the Immigration Judge, and granted petitioner a renewed 30 day period within which to depart voluntarily without entry of the alternate order of removal. Petition, ¶9. The Petitioner contends that he was never informed of the deadline imposed.

Petitioner failed to seek the statutorily prescribed judicial review of the BIA's August 7, 2003, order at the First Circuit Court of Appeals.

The Petitioner was taken into custody on October 2, 2003, for failing to voluntarily depart in accord with the BIA's order.

On December 18, 2003, almost three months later, Petitioner requested that the Department of Homeland Security ("DHS") counsel join in a motion to reopen petitioner's removal case based upon the November 25, 2003, approval of an I-140 employment-based visa petition filed on behalf of petitioner. The motion would

otherwise be untimely if DHS counsel did not join. DHS declined to join in the motion by correspondence dated December 23, 2003.

On March 1, 2004, Petitioner filed an untimely a motion to reopen his removal proceedings with the BIA. That motion asserted a claim based upon ineffective assistance of counsel and "exceptional circumstances." On April 1, 2004, the BIA denied the motion to reopen on the ground that the Motion was untimely, the Petitioner had not submitted an affidavit in support of the motion, and the Petitioner had not established "due diligence" so as to trigger equitable tolling of the time limits. See Decision of the BIA, dated April 1, 2004, attached as Exhibit 2.

On April 8, 2004, the Petitioner filed a motion to reconsider with the BIA, including an affidavit outlining the grounds for the motion. On April 12, 2004, this Court entered a stay of removal pending the BIA's ruling on that motion.[1]

On May 11, 2004, the BIA denied the Petitioner's motion to reconsider. See Exhibit 1.

## ARGUMENT

I. This Court Lacks Subject Matter Jurisdiction Where Direct Appellate Review Is Available

Where the Petitioner may seek judicial review in the Court of Appeals, this Court lacks habeas jurisdiction. See 8 U.S.C. §1252(g). "[W]e have assumed that . . . habeas is preserved for those who have *no other way* to present on direct review constitutional or

---

[1] The United States opposed the motion for a stay on the grounds that the Petitioner had waived habeas review by failing to appeal the adverse decisions of the BIA to the First Circuit Court of Appeals and on the ground that the Petitioner had failed to allege any error of law with regard to his removal order. In further support of the instant opposition, the United States refers this Court to its earlier memorandum. See Docket#04-10566-NG, #3.

other legal challenges to a final order of deportation." Foroglou v. Reno, 241 F.3d 111, 114 (1st Cir. 2001) (emphasis in original) (citing Wallace v. Reno, 194 F.3d 279, 285 (1st Cir.1999) and Goncalves v. Reno, 144 F.3d 110, 121 (1st Cir.1998)); see also, Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (finding a waiver of habeas jurisdiction, the court stated, "petitioner in this case is not a criminal alien.  He had a full opportunity to obtain review of the INS decision by the Court of Appeals . . .").

    II.    <u>The Petitioner May Seek Review of the Adverse Decision in the Court of Appeals</u>

If the Petitioner is dissatisfied with the decision of the BIA, Congress has provided that Petitioner may seek direct judicial review in the First Circuit.  See 8 U.S.C. §1252(a)(1) and (g); see also, Foroglou v. Reno, 241 F.3d 111, 114 (1st Cir. 2001)("Foroglou, however, is not being deported for criminal offenses and has had full access to this court for direct review of orders leading to his deportation.").

The First Circuit indisputably has jurisdiction to review the Petitioner's claim of ineffective assistance of counsel.  See, e.g., Betouche v. Ashcroft, 357 F.3d 147 (1st Cir. 2004).[2]  The Petitioner may seek the attendant relief of a release pending appeal or a stay of removal from the First Circuit on appeal.

    III.    <u>Even if This Court Retains Jurisdiction, There Is No Justification For Permitting the Petitioner to Evade the Statutorily Proscribed Avenue of Review</u>

The proposed amendment seeks to frustrate congressional intent by *deliberately evading* the statutorily directed review by the First Circuit Court of Appeals, substituting

---

[2] It is further worthy of note that the First Circuit entered a stay of removal in that matter. See First Circuit Court of Appeals, Docket#02-2518, Order dated April 29, 2003.

4

instead, habeas review by this court.[3] In support of the proposed amended petition, the Petitioner argues that he was denied effective assistance of counsel, the very grounds upon which he sought to reopen his removal proceedings before the BIA. The Petitioner raises no new issue, nor does the Petitioner explain why the instant action should be exempted from the review provided by Congress.

There simply is no justification for this Court to pretermit the statutorily proscribed review in the Court of Appeals. As such, the motion to amend the Petition should be denied.

### IV. The Petition Does Not Call Into Question the Validity of the Underlying Removal Order

The Petitioner's claim of ineffective assistance of counsel, if presumed to be true,[4] does not call into question the validity of the underlying order of removal. The Petitioner was ordered removed on the ground that he violated the terms of his student visa by not attending school. The Petitioner does not contest this finding and the underlying removal order is unchallenged.

---

[3] The First Circuit has not decided the question of whether this Court retains habeas jurisdiction over a claim that could have been adjudicated on direct appeal. See Seale v. INS, 323 F.3d 150, 153 (2003) ("Neither the Supreme Court nor this court has had occasion to decide whether the district court has habeas jurisdiction over a removal order where an alien's objection to the order would also have been susceptible to adjudication in the courts of appeals in a statutory direct review proceeding. . . . we postpone until some other day the difficult and, for present purposes, unnecessary question of the district court's subject matter jurisdiction."). The instant action does not implicate the "difficult" question of jurisdiction after a procedural default left open in Seale as this Petitioner can appeal to the First Circuit up and until June 11, 2004.

[4] Contrast, Betouche, 357 F.3d at 150 ("a delay in deportation may itself constitute a substantial boon to an alien already subject to a final deportation order, there exists a significant prospect that entirely meritless and/or collusive ineffective assistance claims may be filed for purely dilatory purposes.").

V.   **This Court May Not Direct the BIA to Exercise Its Discretion to Reopen Removal Proceedings**

While not contesting that he is removable, the Petitioner seeks to reopen the removal proceedings and seeks an adjustment of status based upon a work visa.[5] The decision whether to grant a motion to reopen, however, is discretionary with the BIA. The BIA's decision to grant or deny such relief is not reviewable in a habeas proceeding.

> Courts recognize two independent, but non-exclusive grounds on which the BIA may deny a motion to reopen: (1) failure to establish a prima facie case, and (2) failure to introduce previously unavailable, material evidence. See Fesseha v. Ashcroft, 333 F.3d 13, 20 (1st Cir.2003). *Even if . . .[an alien] meets these requirements, the BIA may still use its discretion to deny relief.* Id.; 8 C.F.R. § 3.2(a). *We can only overturn the BIA's decision for an abuse of discretion.* Herbert v. Ashcroft, 325 F.3d 68, 70 (1st Cir.2003).

Zhang v. INS, 348 F.3d 289, 292 (1st Cir.2003) (emphasis added).[6] If a statute "makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. *But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief.*" Saint Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir.2003) (emphasis added).

If this Court found that the Petitioner was entitled to "equitable tolling" of the ninety day deadline to file motions to reopen,[7] this Court could only remand

---

[5] See Prado v. Reno, 198 F.3d 286, 289 (1st Cir. 1999); 8 C.F.R. § 1245.2(a) ("After an alien, other than an arriving alien, is in deportation or removal proceedings, his or her application for adjustment of status . . . shall be made and considered only in those proceedings.").

[6] The only review available is in the First Circuit under an "abuse of discretion" standard. Id.

[7] The Petitioner argues that he is entitled to "Equitable Tolling" of the voluntary departure bar. A court may equitably toll a deadline, such as the ninety-day limit on motions to reopen. See, e.g., Jobe v. INS, 238 F.3d 96, 100 (1st Cir 2001). The Voluntary bar is not a deadline subject to tolling. Two issues raised by the Jobe case are worthy of further

6

the matter for a discretionary determination as to whether to grant the motion to reopen. This Court may not order the BIA to exercise its discretion to reopen in a habeas proceeding. See Zhang and Saint Fort, supra.

    VI.  The BIA's Findings Are Not Reviewable In Habeas

The BIA has twice reviewed the Petitioner's claim and has rejected it. The Petitioner appears to operate under the impression that the BIA must credit his claims of ineffective assistance and due diligence.[8] The BIA found on April 1, 2004, that the Petitioner's Motion to Reopen was untimely and that the Petitioner had failed to establish due diligence so as to be entitled to equitable tolling of the deadline. See Decision of the BIA, dated April 1, 2004. In denying the Motion to Reconsider, the BIA concluded "[t]he Petitioner has not identified any error of law or fact in our April 1, 2004 decision . . ." See Decision of the BIA dated May 11, 2004.

The BIA has rejected the factual basis of the Petitioner's claim and the Petitioner may not re-litigate facts in a habeas proceeding. See 28 U.S.C. §2241; Goncalves v. Reno, 134 F.3d 110, 113, 114 (1st Cir. 1998) (noting that §2241 review is limited to custody in violation of the "Constitution or laws or treaties of the United States" and finding that "pure issue[s] of law" may be raised in

---

note. The First Circuit did not decide that the time limits on motions to reopen were subject to tolling. Jobe, 238 F.3d at 101. Second, Jobe, a case involving similar facts, was decided by the First Circuit on direct appeal, not in a habeas proceeding. See supra Sections I-III.

[8] The Petitioner's own Affidavit concedes that the Petitioner was detained in October 2003, but did not file a motion to reopen until March 2003, five months later. Further, the Petitioner's request that DHS join in the untimely motion to reopen was denied in December 2003. The motion to reopen was not filed until more than three months later.

habeas); Ruckbi v. INS, 285 F.3d 120, 124 n.6 (1st Cir. 2002); Carranza v. INS, 277 F.3d 65, 72 (1st Cir. 2002).  See also, Sol v. INS, 274 F.3d 648, 650 (2nd Cir. 2001) ("[t]his sort of fact- intensive review is vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors."); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir.1999) ("Only questions of pure law will be considered on § 2241 habeas review.  Review of factual or discretionary issues is prohibited."); Lopez, 267 F.Supp. at 153.

## Conclusion

This Court lacks subject matter jurisdiction to entertain the "amended petition." Consequently, the motion to amend should be denied and this matter dismissed.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136