**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A76 490 739 - Boston

Date:

In re: JERZY JANULEWICZ

IN REMOVAL PROCEEDINGS

APR - 1 2004

MOTION

ON BEHALF OF RESPONDENT: Stephan A. Lagana, Esquire

CHARGE:

Notice: Sec. 237(a)(1)(C)(i), I&N Act [8 U.S.C. § 1227(a)(1)(C)(i)] - Nonimmigrant - violated conditions of status

APPLICATION: Reopening

In a decision dated August 7, 2003, the Board summarily affirmed the Immigration Judge's decision. The respondent has appealed and moves to reopen. The Department of Homeland Security (DHS) has filed an opposition to the respondent's appeal and motion to reopen. The appeal will be dismissed and the motion to reopen will be denied.

The respondent moves to reopen, through present counsel, on the grounds of ineffective assistance of his former counsel because former counsel allegedly failed to advise him of the consequences of his failure to depart under the terms of his grant of voluntary departure. With certain exceptions not relevant here, a motion to reopen must be filed within 90 days of the administratively final order. 8 C.F.R. § 1003.2(c)(2). In the instant case, a motion to reopen would be due on November 3, 2003. The record reflects, however, that the Board did not receive the motion until March 1, 2004.

Certain courts have determined that time and numerical limitations on motions to reopen may be equitably tolled. *See Jobe v. INS*, 238 F.3d 96 (1st Cir. 2001) (deadline for seeking to reopen in absentia deportation order possibly subject to equitable tolling based on attorney incompetence); *Lopez v. INS*, 184 F.3d 1097 (9th Cir. 1999)(finding that statute of limitations for reopening an in absentia order of deportation is tolled as an equitable matter where the late filing of the motion is attributed to the deceptive actions of a notary posing as an attorney); *Iavorski v. INS*, 232 F.3d 124 (2nd Cir. 2000). *Contra*: *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (Eleventh Circuit has considered a deadline for filing a motion seeking to reopen an in absentia deportation order to be "jurisdictional and mandatory"). However, equitable tolling is unavailable when a party fails to exercise due diligence on his own behalf. *Jobe v. INS*, 238 F.3d at 98-99; *Iavorski v. INS*, 232 F.3d at 127, 134-135; *Lopez v. INS*, 184 F.3d at 1100; *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)("statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence").

A76 490 739

The respondent has provided no affidavit in explanation for the late motion. Statements made by present counsel in a motion are not evidence and are thus not entitled to any evidentiary weight. See *INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984); *Matter of S-M-*, 22 I&N Dec. 49, 51 (BIA 1998); *Matter of Ramirez-Sanchez*, 17 I&N Dec. 503 (BIA 1980). Even assuming that equitable tolling is available, the respondent has not established due diligence.

ORDER: The motion to reopen is denied.

*[signature]*
FOR THE BOARD